U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED May 15 2023
CAROL L. MICHEL
CLERK
AJ Angola

Case 2:22-cv-01263-ILRL   Document 10   Filed 05/15/23   Page 1 of 12

SCANNED at LSP and Emailed
5-15-23 by UB . 12 pages
date    initials   No.

RECEIVED
MAY 15 2023
Legal Programs Department

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **AARON KITZLER** | CIVIL ACTION | |
| VERSUS | NO. 22-1263 | |
| **BURL CAIN, Warden** | Section: "B"(5) | |

### PETITIONER'S OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

NOW INTO COURT COMES, Aaron Kitzler, pro se petitioner herein, respectfully objects to Magistrate Judge Michael B. Norths's Report and Recommendation (MJ R & R herein), in its entirety, being erroneous and contrary to the law's and statutes of the United States and should not be adopted. The MJ R & R was date May 2nd, 2023 and marked received at Angola VIA Fax. The R & R was served on petitioner by prison authorities May 4th, 2023. Mr. Kitzler more specifically objects for the following reasons:

**1. Mr. Kitzler Objection To The Denial Of A Hearing.**

Mr. Kitzler objects in that he was denied due process by the denial of a hearing. The only evidence was K.K.s' testimony, she testified at the new trial hearing recanting her trial testimony, she was never ask the key question – if she had told anyone from the (State) prosecution that her initial report was false to support the Brady claim. On post conviction the trial court found the Brady claim to be repetitive, and failed to apply the proper standard. Relying instead on the finding and review of the state law issues on direct appeal. There is a difference. He ask for a hearing at every level of litigation, setting forth the required fact pleading and was denied the opportunity to develop factual

support for his claims. The failure to grant a hearing when one is essential to develop the facts fully and fairly is a denial of due process. *Hollingshed v. Wainwright*, 429 F.2d 1059 (5th Cir. 1970); *United States v. Henderson*, 19 F.3d 917 (5th Cir. 1994). Due process requires that Mr. Kitzler be afforded a fair opportunity to defend against the State's allegation. Under Title 28 U.S.C. § 2254(e)(2), an evidentiary hearing may be held at the discretion of the judge when the petitioner shows that a factual basis that could not have been previously discovered by exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

## 2. Objection To Failure To Properly Apply the Standard Of Review

Petitioner objects in that the State court's erroneous "decision" denying relief on petitioner's constitutional claim "resulted" from an objectively "unreasonable determination of the facts . . ." Petitioner objects in that the State court's erroneous "decision" denying relief on petitioner's constitutional claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States.

The MJ failed to apply the proper standard as follows: AEDPA comprehensively overhauled federal habeas corpus legislation, including 28 U.S.C. 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of fact and law. Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law

and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under 2254(d)(2). As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States. The United States Supreme Court has noted the following:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. A federal habeas court may issue the writ under the **"contrary to" clause if the state court applies a rule different from the governing law set forth in our cases,** or if it decides a case differently than we have done on a set of **materially indistinguishable facts**. The court may grant relief under the **"unreasonable application" clause** if the state court correctly identifies the governing legal principle from our decisions but **unreasonably applies it to the facts of the particular** case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams v. Taylor*, 529 U.S. 362 (2002) that an unreasonable application is different from an incorrect one.[1]

As to questions of fact, factual findings are presumed to be correct, and a federal court will give great deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2); see also *Hill v. Johnson*, 210 F.3d 481, 485; 28 U.S.C. § 2254(e)(1). Petitioner objects where the magistrate erred in its application of these standards in its recommendation to deny habeas relief and dismiss the petition with prejudice.

Petitioner objects in that the, the state court arrived at a conclusion that was

---

1     Bell v. Cone, 535 U.S. 685, 694 (2002), internal citations omitted.

based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Further, the state court arrived at conclusions contrary to that reached by the Supreme Court on a questions of law or the state court decided the case differently that the Supreme Court on a set of materially indistinguishable facts. Also, the state court identified the correct legal principle but unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination.

**3. Objection To The Ruling On Claim 1: Newly discovered evidence of K.K.'s Recantation – Actual Innocence, Brady, Napue, Due Process/Fair Trial.**

Claims Presented for Relief

**1. Newly Discovered Evidence Indicates That K.K., The Alleged Victim, Has Renewed And Still Maintains Her Recantation Of Her Original Trial Testimony and Mr. Kitzlers custody is in violation of the Sixth And Fourteenth Amendment to the Constitution.**

The Supreme Court has recognized the importance of impeachment evidence and considers this type of evidence subject to the *Brady* rule. In *Giglio*, the Supreme Court held that "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule. Id., 405 U.S. at 154, 92 S.Ct. 763 (quoting Napue v. Illinois, 360 U.S. 264, 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959). In *Kyles*, 115 S.Ct. 1555 (1995), the Supreme Court indicated that depriving a defendant of the opportunity of utilizing damaging and impeachment evidence against an "essential" witness should be considered in the due

-4-

process analysis. Prejudice is determined by looking at the cumulative effect of the withheld evidence and asking "whether the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Strickler v. Greene, 557 U.S. 263, 119 S.Ct. 1936 (1999). After undertaking a review of the record, this Court must find that given the other evidence against him, there is no reasonable likelihood that K.K.s' false testimony could not have affected the outcome of the trial. Napue v. Illinois, supra.; Giglio v. U.S., 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

Petitioner Is Factually / Actually Innocent.

The United States Supreme Court in Napue v. Illinois, 350 U.S. at 269, Pyle v. Kansas, 317 U.S. 213, 63 S.Ct. 177, 87 L.Ed. 214 (1942), Coined the phrase, "a lie is a lie, no matter what subject." Also, see Masarvsh v. United States, 352 U.S. 1 (1956) where the court made clear that the United States Government will not permit by its dignity that any person will be convicted on tainted testimony. As it is, petitioner's convictions and sentences violate the United States Constitution and petitioner released from unlawful confinement.

Mr. Kitzler's trial was fundamentally unfair becaue it was based on False and misleading evidence. The victim testified under duress – by threats she would be put in an adoption home – if she did not testify to her original statements – which the victim/child witness advocate went over with her piro to her testimony. Mr. Kitzler was accused of and eventually wrongly convicted of the aggravated rape of his adopted

daughter, K.K. Such a heinous allegation is almost unspeakable. The questions currently before this Court, however, is given the continued recantation by K.K. that her trial testimony was not true, so as to undermine confidence in the verdict, whether Mr. Kitzler received a fair trial under the law, and whether Mr. Kitzler is, at a minimum, entitled to an evidentiary hearing and habeas relief based on the prima facia evidence presented.

The trial court in denying the Post Conviction Application, seized on the fact that the recantation came after trial, and assumed multiple points from this assumption. The court, however denied an evidentiary hearing where K.K. could be asked the questions – When did she first advise any state actor or custodian that she was being pressured or otherwise to give false testimony, what did she tell them, and why did she not come forward with the recoantation prior to the conclusion of trial, and after she had been released from state custody and allowed to go back home.

The conviction against Mr. Kitzler rested on the testimony of the K.K., Mr. Kitzler's adopted daughter. She testified that Mr. Kitzler raped her on multiple occasions for a period of three years when K.K. was younger than 13. Shortly after trial, however, K.K. recanted her trial testimony and said she made up her allegations. See Exhibit. "C" & "D" this was in addition to uncorroborated pretrial recantations. After initially making her post-trial recantations to members of her family, K.K. made her recantations before the Court, under oath, in the third post-trial hearing before the Court on Mr. Kitzler's motion for new trial. K.K. offered her recantation testimony even though she was initially presented with the possibility that she would be prosecuted for perjury.

In addition to the testimony of K.K., the court heard testimony from K.K.'s family members and friends who corroborated K.K.'s post-trial recantations and explained the reason for her initial false testimony – K.K. had been pressured and threatened by Mr. Kitzler's jealous ex-mistress, Michelle Almanza, to make up false rape allegations against Mr. Kitzler. Through this court ultimately did not grant Mr. Kitzler's motion for new trial, which was subsequently upheld on an abuse of discretion of standard by the First Circuit, the confidence in Mr. Kitzler;s guilty verdict is now infirm because there is new evidence that further supports Mr. Kitzler. K.K. sent Mr. Kitzler a signed, hand written letter from June 29, 2016 that states, yet again, that Mr. Kitzler did not rape K.K. and that Mr. Kitzler is innocence:

> Daddy,
>
> I'm writing you first cause I'm having a hard time and I want to get to know you again. I blame myself everyday for your being in there. You don't belong in there because you did nothing to me. You was innocence from the beginning. I'm going to do everything I can to get you out. See attached Exhibit B, K.K. Letter to Aaron.

This letter is important for a few reasons. First the letter was written on June 29, 2016, well after Mr. Kitzler's conviction, sentence, and appeal, Id. This adds to the credibility that K.K. is sincere in her assertion that her trial was false – why else would she continue to insist that she made up the allegations this far out in time? Second, the letter is not ambiguous – it states without reservation that Mr. Kitzler did not do the things she originally accused him of and that he is innocence, Id. And third, the letter indicates a willingness to testify, yet again, in support of Mr. Kitzler's innocence, Id. For

these reason, Mr. Kitzler is entitled to a hearing on the matter.

In an application for post-conviction relief, "an evidentiary hearing for the taking of testimony or other evidence shall be ordered whenever there are questions of fact which cannot properly be resolved pursuant to Article 928 [procedure objection] and [summary disposition.]" La.C.Cr.Proc. Art. 930 (emphasis added).

The state was able to control the hearing had after the filing of the motion for new trial, through threats or admonishment of perjury towards K.K. the factual question as to why she testified falsely at trial, when and to whom did she first make known that she was being pressured to testify falsely, was never resolved, and the truth cannot be resolved without a hearing. Further, because the letter presented questions of fact that must be properly resolved procedurally or summarily, Mr. Kitzler is entitled to a hearing.

**2.   Mr. Kitzler Objects To The Denial Of Claim Two: Newly Discovered Evidence That K.K., Was Not Competent To Testify At Trial.**

On October 15, 2015, Mr. Kitzler received a letter from the office of his trial counsel stating that an important letter had been mistakenly left out of his file. See attached Exhibit B, Zavala Letter & Pellegrin Report. The letter attached a summary report from Dr. Alicia Pellegrin assessing where K.K. "was competent to offer her prior testimony that her stepfather molested her, testimony that she later recanted." Id. At 2-3. Dr. Pellegrin stated that K.K. insisted that she had been influenced to give false testimony about having been sexually abused. Id.

Dr. Pellegrin also found that K.K. was on the borderline range of intelligence and

possibly not capable of navigating or fully appreciating the effect of her participation in Mr. Kitzler's legal process given her borderline intelligence. In Short, I found [K.K.] incompetent to testify." Dr. Pelligrin stated that more follow-up was needed to fully assess K.K. competency.

It is not clear why this report was not put forth before the court during Mr. Kitzler's new trial motion and hearing and why it was left out of Mr. Kitzler file. But it does provide support to the idea that K.K. could have been easily influence and or pressured to initially make a false allegation. It also raise the possibility that Mr. Kitzler's trial counsel was unconstitutionally ineffective in not presenting the report or following up on Dr. Pelligrin's work.

Petitioner demonstrated that the state court's use of this standard to review his claims was contrary to, or an unreasonable application of, clearly established federal law as determined by the Supreme Court, or that the state court's factual determinations were unreasonable in light of the evidence presented at petitioner's trial.

Here, Kitzler relies on the law and arguments made in his application and memorandum in support for habeas corpus relief, § 2254.

### REASON FOR GRANTING WRIT

The Great Writ of Habeas Corpus is the most fundamental instrument for safeguarding individual freedom against arbitrary and lawless state action. Jurists should resist, as best they can, the AEDPA's inducement to use techniques that responsible judges eschew — corner-cutting, legal and factual interpretations that have *not* been

sufficiently examined on information and belief, and the like, without discovery or an evidentiary hearing, or both. Here, the state courts apathetically reviewed petitioners claims, falling short of the protections and guarantees contemplated by the Constitution of the United States of America.

In *Terry Williams v. Taylor*, 120 S.Ct. 1495, 1508 (04/18/2000) the United States Supreme Court intimated, "[T]he maxim that federal courts should 'give great weight to the considered conclusions of a coequal state judiciary' . . . does not mean that . . . federal courts must presume the correctness of a state court's legal conclusions on habeas, or that a state court's incorrect legal determination has ever been allowed to stand because it was reasonable. We have always held that federal courts have an independent obligation to say what the law is."

Under the (AEDPA), habeas relief is authorized if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established federal Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. §2254(d)(1). Granted The supreme Court has instructed that AEDPA, by setting forth necessary predicates before state-court judgments may be set aside, "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. ___, ___ (2013)(slip op., at 6). under §2254(d)(1), "'a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'"

*White v. Woodall*, 572 U.S. \_\_\_, \_\_\_ (2014) (slip op., at 4)(quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). See also, *(Terry) Williams v. Taylor*, \_\_ U.S. \_\_, 120 S. Ct. 1495, 1519, 146 L.Ed.2d 389 (2000). Id., 120 S. Ct. at 1519; see id., 120 S. Ct. at 1523 (Under the contrary to clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law. . .).

Id., 120 S. Ct. at 1519-20; see id., 120 S. Ct. at 1523 (Under the contrary to clause, a federal habeas court may grant the writ . . . if the state court decides a case differently that this Court has on materially indistinguishable facts.). Accord *Ramdass v. Angelone*, \_\_ U.S. \_\_, 120 S. Ct. 2113, \_\_, \_\_ L.Ed.2d \_\_ (2000) (opinion of Kennedy, J.) (a state court acts contrary to clearly established federal law if it applies a legal rule that contradicts our prior holdings or if it reaches a different result from one of our cases despite confronting indistinguishable facts.)

## PRO SE LITIGANT CONSIDERATION

Kitzler prays the instant pleading be given the benefit of liberal construction, and that he not be held to the same stringent standards as an attorney.[2] Kitzler should not be held to the same standard of review as formal attorneys. See *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam); *Hughes v. Rowe*, 449 U.S. 5, 9, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (pro se complaints are entitled to liberal construction).

---

2   *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012).

## CONCLUSION

Mr. Kitzler respectfully moves the Honorable Court to reject the Magistrate Judge's Report and Recommendation for the reasons set forth above, remand with instructions as to the appropriate application of the law and facts, and any other relief he may entitled to by law.

Respectfully submitted:

Aaron Kitzler
D.O.C. #636179, Ash 3
Louisiana State Penitentiary
Angola, LA 70712

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing pleading was served on May 15, 2023, by placing it in the mailbox labeled "Federal Court" at Louisiana State Penitentiary, from which on information and belief it will be taken, scanned by prison staff, and transmitted electronically to the Court, which will then serve it on all parties via CM/ECF.

Aaron Kitzler